IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JERRY E. HOLLINGSWORTH,<br><br>                Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director of the Nebraska Dept. of Corr. Svcs.;<br><br>                Respondent. | 8:19CV412<br><br>**MEMORANDUM AND ORDER** |

This matter is before me on Respondent's Motion for Summary Judgment. (Filing 5.) Respondent filed the relevant state court records (filing 6) and a brief in support (filing 7). Petitioner Jerry E. Hollingsworth did not file a brief in opposition, and Respondent filed a notice that he would not file a reply brief and the case was fully submitted for decision. (Filing 8.) Respondent argues Hollingsworth's Petition for Writ of Habeas Corpus (filing 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree and will dismiss the petition with prejudice.

## I. FACTS

1. On November 17, 2015, Hollingsworth, pursuant to a plea agreement with the State, pled no contest in the District Court of Douglas County, Nebraska, to manufacturing, distributing, or possession with intent to distribute between 10 and 28 grams of cocaine, a Class ID felony. (Filing 6-3 at CM/ECF pp. 4–5, 7.) Hollingsworth was subsequently sentenced to 30 to 40 years in prison. (*Id*. at CM/ECF pp. 9–10.)

2. Hollingsworth filed a direct appeal, and on September 28, 2016, the Nebraska Court of Appeals entered a memorandum opinion affirming the lower

court's judgment. (Filing 6-1 at CM/ECF p. 4.) Hollingsworth did not file a petition for further review to the Nebraska Supreme Court. (*Id*.)

3. On October 25, 2017, Hollingsworth filed a motion for postconviction relief in the state district court. (Filing 6-4 at CM/ECF pp. 7–14.) The motion was denied without an evidentiary hearing. (*Id*. at CM/ECF pp. 32–38.)

4. Hollingsworth appealed and the case was moved to the Nebraska Supreme Court's docket. (Filing 6-2 at CM/ECF p. 4.) On May 29, 2019, the Nebraska Supreme Court affirmed the lower court's judgment. (*Id*.) Hollingsworth filed a motion for rehearing, which was overruled, and the mandate issued on July 29, 2019. (*Id*.)

5. Hollingsworth's habeas petition was filed with this court on September 16, 2019. (Filing 1.) Hollingsworth averred that he placed his habeas petition in the prison mailing system on September 9, 2019. (*Id*. at CM/ECF p. 15.)

## II. ANALYSIS

Respondent submits that Hollingsworth's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Respondent is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Hollingsworth's state court judgment became final on October 28, 2016, the date on which Hollingsworth's time for pursuing review in the Nebraska Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals). Accordingly, the one-year limitations period began to run from October 28, 2016.

The statute of limitations was tolled during the pendency of Hollingsworth's state postconviction action beginning on October 25, 2017. Hollingsworth filed his motion for postconviction relief 362 days after his judgment became final on October 28, 2016. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Hollingsworth, therefore, needed to file his habeas petition in this court within 3 days of the conclusion of his postconviction

3

proceedings on July 29, 2019, to be within the one-year limitations period. However, at least another 42 days ran between the conclusion of Hollingsworth's state postconviction proceedings and the filing of his habeas petition on September 9, 2019.[1] Hollingsworth's habeas petition was filed 404 days after his conviction became final and is, therefore, untimely under 28 U.S.C. § 2244(d)(1)(A).

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Hollingsworth did not respond to Respondent's summary judgment motion and, thus, has not presented any arguments to support the application of equitable tolling or the miscarriage of justice exception. I have carefully reviewed the petition and find no reason to toll the limitations period or excuse its procedural bar. Thus, Hollingsworth's habeas petition is barred as untimely.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). I have applied the appropriate standard and determined that Hollingsworth is not entitled to a certificate of appealability.

---

[1] For the sake of argument, I have assumed that Hollingsworth is entitled to the benefit of the prison mailbox rule.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 5) is granted.

2. Petitioner's habeas petition (filing 1) is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 27th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge